IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANGELO JACOB FERMO,                    )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )    CIVIL ACTION NO. 24-00308-JB-MU
                                       )
U.S. DEPARTMENT OF HOMELAND SECURITY,  )
                                       )
            Defendant.                 )

ORDER

This matter is before the Court on Defendant, the United States of America's Second Motion to Dismiss.  (Doc. 32).  Upon due consideration of the parties' filings, oral arguments, and for the reasons stated on the record at the hearing and all of those in the United States' briefing, the Court finds the United States' Second Motion to Dismiss is due to be GRANTED.

I.      PROCEDURAL AND FACTUAL BACKGROUND

On August 27, 2024, Plaintiff, Angelo Fermo ("Fermo") filed a Complaint against the United States pursuant to the Federal Tort Claims Act ("FTCA"), alleging violations of the Freedom of Information Act ("FOIA").  (Doc. 1).  On December 2, 2024, the United States filed a Partial Motion to Dismiss based on lack of subject matter jurisdiction.  (Doc. 11).  The Court held a hearing on the United States' Motion on June 2, 2025.  Thereafter, the Court allowed Fermo to file an amended complaint.

On July 29, 2025, Fermo filed his Amended Complaint ("Complaint") against the United States pursuant to the FTCA seeking damages for negligence.  (Doc. 28).  Fermo omitted the FOIA

claims from his amended complaint, and those claims are withdrawn. (*Id.*). The United States filed a Motion to Dismiss the Amended Complaint for lack of subject matter jurisdiction on September 26, 2025. (Doc. 32). The Motion has been fully briefed and the Court conducted oral argument. It is ripe for resolution.

Count One of Fermo's Complaint alleges the United States' "ongoing negligent acts and omissions subsequent to the February 3 incident directly caused and contributed to Plaintiff's permanent and total PTSD[.]" (Doc. 28). Count One also alleges that Fermo's injuries prevented him from discovering or from being able to discover his injury or the cause of his injury for approximately four years. (*Id.*).

Count Two alleges the United States is vicariously liable under the doctrine of *respondeat superior*. (Doc. 28, PageID.149-150, ¶30-35). Count Two further alleges the United States "negligently acted or failed to act in a way so as to cause Plaintiff's injuries. The combined negligence [of the United States employees] directly and proximately caused Plaintiff's October 2021 permanent and total injury." (Doc. 28, PageID.149, ¶33). Count Two expressly alleges the United States "is vicariously liable for the negligent acts and omissions of [its employees] according to the doctrine of *respondeat superior*." (Doc. 28, PageID.149, ¶35).

Both Counts arise from a February 3, 2017, assault on Fermo during which a former Homeland Security Investigations (HSI) Special Agent, Burns, committed a criminal assault when he held Fermo at gunpoint ("Assault"). (Doc. 28, PageID.143). Burns was terminated from his employment with the Department of Homeland Security ("DHS") and pleaded guilty to assaulting a federal officer, Fermo, in violation of 18 U.S.C. § 111. (Doc. 28, PageID.143, ¶5).

Fermo filed a SF-95 on September 24, 2023, listing the dates of accident as 2/03/2017 and 10/12/2021, and directed the agency to an attachment in support of the basis of his claim. (Doc. 31-1, PageID.155, ¶6 and ¶8). The attachment is a September 24, 2023, Turner Law Firm Notification of Incident And Claim For Damages Under The Federal Tort Claims Act Letter ("Letter"). (Doc. 31-2, PageID.157-165). The Letter details the injury and Fermo's FTCA damage claims by linking his injury and damages to Burns' 2017 intentional criminal assault and also DHS's response to Burns' assault. (Doc. 31-2, PageID.158-159, ¶¶6-10).

Fermo received his FTCA denial from DHS Immigration and Customs Enforcement ("ICE") Office of the Principal Legal Advisor ("OPLA") on March 28, 2024 (Doc. 1, PageID.12, ¶33), and initiated the current action.

## II.    STANDARD

A defendant may move to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Generally, "[t]he burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). If the Court determines it lacks subject matter jurisdiction, the claim must be dismissed. Fed. R. Civ. P. 12(h)(3). An attack on jurisdiction may be either facial or factual in nature. *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232-33 (11th Cir. 2008). A facial attack requires the Court to consult the face of the complaint to determine whether it has alleged an adequate basis for jurisdiction, and factual allegations in the complaint are treated as true. *Id.* In contrast, a factual attack challenges the existence of jurisdiction with material that extends beyond the pleadings. *Id.*

Generally, a court's consideration of documentation outside the pleadings converts a motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(d). However, this Circuit has recognized that a district court—when ruling on a motion to dismiss—may consider documents outside the pleadings that are central to the plaintiff's claim, and undisputed. *Speaker v. U.S. Dep't of Health & Hum. Servs. Centers for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (quoting *SFM Holdings, Ltd. v. Banc of Am. Secs.*, LLC, 600 F.3d 1334, 1337 (11th Cir. 2010)). *See also Harris v. Ivax Corp.*, 182 F.3d 799, 802 n. 2 (11th Cir. 1999) (stating that "a document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute"), *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (*per curiam*) (holding that the district court properly considered a right-to-sue letter attached to defendant's motion to dismiss because it was central to plaintiff's complaint and undisputed). The instant Motion to Dismiss relies on extrinsic documentation, making the United States' Rule 12(b)(1) request both facial and factual in nature.

### III.     ANALYSIS

The Court concludes the Second Motion to Dismiss is due to be GRANTED because the United States has not waived its sovereign immunity to be sued for unexhausted and untimely administrative claims. The Court similarly concludes the United States has not waived its sovereign immunity to be sued for intentional torts outside of a law enforcement officer's scope of employment. The Court lacks subject matter jurisdiction, making Fed. R. Civ. P. 12(b)(1) dismissal appropriate.

### A. Fermo failed to exhaust his administrative remedies.

The Eleventh Circuit has noted that exhaustion is like a defense for lack of jurisdiction under Rule 12(b)(1) because it is a matter in abatement, not an adjudication of the merits. *Bryant v. Rich*, 530 F.3d 1368, 1374–76 (11th Cir. 2008). The Court finds that Fermo did not exhaust his administrative remedies.

### 1. Fermo's claims are untimely.

This Court does not have subject matter jurisdiction of Fermo's claims that he did not timely administratively exhaust. "Only those claims presented initially to the appropriate administrative agency are cognizable in a tort action against the United States." *Davis v. Marsh*, 807 F.2d 908, 912 (11th Cir. 1987). To exhaust, a plaintiff must first "present[] the claim to the appropriate Federal agency" and the claim is exhausted once it has "been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. 2675(a); *see also Pinson v. United States*, 2022 WL 16707956, at *3 (11th Cir. Nov. 4, 2022). To submit a claim, a federal employee must "[] do two things: '(1) give [ ] the [appropriate] agency written notice of his or her claim sufficient to enable the agency to investigate and (2) place[ ] a value on his or her claim.'" *Bates v. U.S. Gov't*, 3 F.Supp. 3d 1311, 1319 (S.D. Ala. 2014) (quoting *Burchfield v. United States*, 168 F.3d 1252, 1255 (11th Cir. 1999) (quoting *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980), decision clarified on denial of reh'g, 622 F.2d 197 (5th Cir. 1980))).

The Court finds Fermo's FTCA tort claims are "forever barred" per 28 U.S.C. § 2401(b) because he did not timely submit his administrative tort claim, SF-95, to the agency within two years from accrual. *Motta ex rel. A.M. v. United States*, 717 F.3d 840, 843 (11th Cir. 2013) ([t]he

claimant must [] present the claim in writing to the appropriate agency "within two years after such claim accrues"). Generally, "a claim under the FTCA accrues at the time of injury." *Slater v. United States*, 175 F. App'x 300, 304 (11th Cir. 2006) (quoting *Diaz v. United States*, 165 F.3d 1337, 1339 (11th Cir.1999)). FTCA claims "accrue either at the time of injury or when the plaintiff has, or with reasonable diligence should have, discovered the facts critical to his or her injury, whichever is earlier." *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999) (citing *United States v. Kubrick*, 444 U.S. 111, 118-22 (1979)).

Fermo's injury occurred on February 3, 2017, the date of the Assault. Fermo argues, however, the United States subjected him to negligence through October 2021. (Doc. 28, PageID.142, ¶1; PageID.147, ¶¶25-29). He attempts to support this argument by asserting—for the first time in his Amended Complaint—his mental injury prevented him from appreciating the full extent of his injuries until his disability diagnosis. (Doc. 28, PageID.145, ¶16). He claims the agency negligently allowed him to remain in his supervisory role until his retirement. (Doc. 28, PageID.146-147, ¶19).

The Court rejects these new unexhausted arguments. The record shows Fermo immediately sought treatment and appreciated his injuries after the Assault. None of the newly pleaded facts in the Complaint support of date of accrual later than the time of the Assault. Fermo was required to file an administrative claim within two years of the 2017 Assault but failed to do so.

The Court finds Fermo did not administratively exhaust his new allegations raised for the first time in his Amended Complaint. Fermo did not submit his SF-95 until six years after his

6

claims accrued. Accordingly, the Court dismisses Fermo's Amended Complaint for his failure to timely exhaust his administrative remedies.

### 2. The evolved permanency of Fermo's injury does not constitute a new claim.

The Court finds the evolution of Fermo's injury from temporary to permanent in October 2021 was not a separate and distinct injury from the Assault.  The evolution does not create a new FTCA claim with a new statute of limitations.  A cause of action accrues, and the statute of limitations begins to run, when "the facts which would support a cause of action are apparent or should be apparent" to a reasonably prudent person.  *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996) (quotation marks omitted). "This rule requires a court first to identify the alleged injuries, and then to determine when plaintiffs could have sued for them."  *Id*. at 562.

The FTCA treats misapprehension of the seriousness or permanency of an injury as relevant to damages, not as a basis for a new claim.  *K.E.S. v. United States*, 38 F.3d 1027, 1030 (8th Cir. 1994) ("[m]isapprehension of the seriousness or permanency of an injury does not toll the statute of limitations under the FTCA."), *Goodhand v. United States*, 40 F.3d 209, 212 (7th Cir. 1994) ("The statute of limitations begins to run upon the discovery of the injury, even if the full extent of the injury is not discovered until much later."), *Shirley v. U.S.*, 832 F. Supp. 1324, 1327 (D. Minn. 1993) ("If the cause and the fact of the injury is known, a lack of knowledge of the injury's permanence, extent, and ramifications does not toll the statute of limitations."), *Lynch v. U.S. Dep't of Army Corps of Eng'rs*, 474 F. Supp. 545, 549 (D. Md. 1978) ("[o]ne who knows that an injurious tort has been committed against him may not delay the filing of his suit until the time, however long, when he learns the precise extent of the damage resulting from the tort * * * [T]he running of a statute of limitations does not await determination of the full extent of

7

injury.") (internal citations omitted); *Peeples v. United States*, 2023 U.S. Dist. LEXIS 112624, at *4-5 (M.D. Fla. June 29, 2023) ("The fact that Plaintiff did not appreciate the seriousness or permanence of his injury for several more months did not serve to toll the statute of limitations under the FTCA.").

The Court finds the evolution of Fermo's injury from temporary to permanent was not a separate and distinct injury from the Assault.

### 3. Fermo's circumstances do not merit equitable tolling.

The Court also finds Fermo fails to meet his burden to show that his circumstances are so extraordinary that he merits the extraordinary remedy of equitable tolling. "Equitable tolling 'is an extraordinary remedy which should be extended only sparingly.'" *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) (quoting *Justice v. United States,* 6 F.3d 1474, 1479 (11th Cir. 1993)). "[P]laintiff has the burden of proving that such extraordinary circumstances exist." *Dotson v. United States*, 30 F.4th 1259, 1268-69 (11th Cir. 2022); *see also Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004) (noting the "difficult burden" of demonstrating entitlement to equitable tolling).

Fermo argues "the nature of [his] mental impairment prevent[ed] him from understanding that he needed to file an SF-95 within two (2) years of the date of the February 2017 assault . . .." (Doc. 36, PageID.196). Fermo argues he relied on statements of medical personnel that his condition was "temporary" and "resolving," and that he "exhibited due diligence in attempting to recover from his mental impairment." (Doc. 36, PageID.195-197). However, Fermo admits he was informed of his mental impairment before the two-year statute

of limitations expired.  As stated, "[m]isapprehension of the seriousness or permanency of an injury does not toll the statute of limitations under the FTCA." *K.E.S.*, 38 F.3d at 1030.

In short, Fermo offers only conclusory statements, and his burden requires more than "mere conclusory allegations." *Cook v. United States*, 2016 U.S. Dist. LEXIS 199188, at *12 n.2 (M.D. Fla. May 16, 2016).  The Court concludes the extraordinary remedy of equitable tolling inapplicable.

**B.  The United States has not waived its sovereign immunity with respect to Fermo's intentional tort claims.**

Fermo's FTCA negligence claims against the United States are also barred by the intentional tort exception because they are based on and arise out of Burns' 2017 intentional criminal assault on Fermo.

**1.  Burns committed an intentional tort that was outside the scope of his employment.**

While the FTCA waives the United States' sovereign immunity from tort suits, it excepted certain intentional torts (including assault and battery) from that waiver. 28 U.S.C. § 2680(h); *see also Millbrook v. U.S.*, 569 U.S. 50, 52 (2013) (§ 2680(h) is referred to as the "intentional tort exception").  A carve out, referred to as "the law enforcement proviso," reinstates the United States' liability for specific intentional torts committed by federal law enforcement officers who act in the scope of their employment. (*Id.*, at 52 (the law enforcement proviso "carv[es] out an exception to § 2680(h)'s preservation of the United States' sovereign immunity for intentional torts [] that arise out of the wrongful conduct of law enforcement officers[.])"

The intentional tort exception is not overcome by the law enforcement proviso in this case. Burns' 2017 intentional criminal assault on Fermo was outside the scope of his employment

as an HSI Special Agent. The Assault Burns was a purely personal intentional crime directed at Fermo. The law enforcement proviso does not apply to save Fermo's claims against the United States.

### 2. Fermo's FTCA negligence claims against the United States are barred because they arise out of Burns' 2017 intentional criminal assault.

The intentional tort exception bars Fermo's negligence claims against the United States because the claims "arise" solely out of Burns' 2017 intentional criminal assault. The intentional tort exception "does not merely bar claims *for* assault or battery; in sweeping language it excludes any claim *arising out of* assault or battery. [The Supreme Court reads] this provision to cover claims . . . that sound in negligence but stem from a battery committed by a Government employee." *U.S. v. Shearer*, 473 U.S. 52, 55 (1985) (emphasis original).  "[T]he phrase 'arising out of' should be broadly construed." *Metz v. U.S.*, 788 F.2d 1528, 1533 (11th Cir. 1986).  Further, that "a cause of action which is distinct from one of those excepted under § 2680(h) will nevertheless be deemed to 'arise out of' an excepted cause of action when the underlying governmental conduct which constitutes an excepted cause of action is 'essential' to plaintiff's claim." *Id.* at 1534 (quoting *Block v. Neal*, 460 U.S. 289, 297 (1983)).

Fermo's FTCA claims against the United States are based on and arise out of the assault. Fermo cannot save his intentional tort allegations against the United States by re-framing them as vicarious liability or *respondeat superior* negligence claims (Doc. 28, PageID.148-149, ¶¶ 30-35) for alleged mismanagement at  Fermo's agency.  *Hill v. U.S.*, 2024 WL 1326791, *2 (11th Cir. March 28, 2024) (plaintiff's claims were barred by the intentional tort exception because they arose out of a sexual assault and plaintiff "cannot change the essence of these allegations by using language that sounds in negligence"); *Semmes v. U.S.*, 2009 WL 10688451, *2 (N.D. Ala.

March 31, 2009) ("[A] negligent hiring and supervision claim is not within the FTCA's waiver of sovereign immunity when the negligence claimed stems only from an intentional tort committed by a federal government employee.").

Fermo's administrative claim makes clear that his FTCA allegations are based on and arise out of the Assault. For example, Fermo states that he retired "due to his injuries **caused** by Special Agent Robert Burns." (Doc. 31-2, PageID.160, ¶14 (emphasis added)). He also states he suffered harm "[a]s a direct result of the ICE Special Agent Burns' actions." (Doc. 31-2, PageID.161-162, ¶17). There is no subject matter jurisdiction where, like here, a government employee's commission of an intentional tort forms the basis for a plaintiff's claim. *See Alvarez v. U.S.*, 862 F.3d 1297, 1307-10 (11th Cir. 2017) (holding that the plaintiffs' claims were barred by the intentional tort exception because those "claims arise out of [the government employee's] misrepresentations about his bond fund"); *see also Cadman v. U.S.*, 541 F. App'x 911, 914 (11th Cir. 2013) (holding the intentional tort exception barred plaintiff's claims because the allegedly tortious actions were based on intentional torts and there was "no other independent governmental action on which [the plaintiff's] claims can rest"); and, *Reed v. U.S.*, 288 F. App'x 638, 641 (11th Cir. 2008) (holding a negligent hiring claim could not proceed because it arose solely from a government employee's alleged assault and battery against the plaintiff).

This Court finds that Burns' 2017 intentional criminal assault forms the core of Fermo's claims. Moreover, Fermo cannot recast his claims against Burns as negligence claims against the United States to avoid the intentional tort exception. Allowing Fermo to do so would ignore the Eleventh Circuit's broad reading of the "arising out of" language and would negate the FTCA's intentional tort exception.

11

**CONCLUSION**

For the reasons set out herein, and those stated on the record of the hearing, the United States' Second Motion to Dismiss is GRANTED. Plaintiff's action is DISMISSED WITHOUT PREJUDICE.

**DONE and ORDERED** this 28th day of May, 2026.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE